**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arnold D. BUTLER, Defendant–**
**Appellant.**

**Nos. 98–8105, 01–8054.**

United States Court of Appeals,
Tenth Circuit.

Dec. 12, 2001.

Before TACHA, Chief Judge, KELLY and BRISCOE, Circuit Judges.

ORDER AND JUDGMENT *

TACHA, Chief Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for decisions on the briefs without oral argument. *See* Fed. R.App. P. 34(f); 10th Cir. R. 34.1(G). These cases are therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In case No. 98–8105, defendant Arnold D. Butler appeals his conviction of possession with intent to distribute cocaine and aiding and abetting in violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(B) and 18 U.S.C. § 2. In case No. 01–8054, he appeals the denial of his motion for mistrial. We have consolidated the two cases for procedural purposes only. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## FACTUAL BACKGROUND

At dusk on April 1, 1998, Butler, driving a Ford Taurus with a California license plate, was traveling westbound on Interstate 80 west of Laramie, Wyoming, with passenger and co-defendant Todd Ladon Johnson. Officer David Chatfield of the Wyoming Highway Patrol stopped the car after noting that it had illegally-tinted windows and an unsecured front license plate. Butler talked to Chatfield and provided his California driver's license (which had been canceled), registration (with a Sacramento, California address), and proof of insurance. Butler also identified his passenger as Johnson.

After issuing Butler a ticket for driving without a valid operator's license and warnings for the other observed infractions, Chatfield returned Butler's documents, then asked if he could search the car for drugs. Upon obtaining Butler's consent to look in the back seat, Chatfield knelt down and put his hand under the passenger-side rear seat, where he felt a package. He attempted to pull the package out, but because it was caught on something he could only see about one and one-half inches of it. He thought that he saw a brick-sized amount of compressed powder, which he believed to be a controlled substance. At that point, Butler jumped into the Taurus and Chatfield spun away from the car. Butler sped off, with Johnson visible through the open door.

Chatfield then ran back to his patrol car and began pursuit. He also radioed the dispatcher and other law-enforcement officers to alert them to the developing situation. A high-speed chase ensued, through a one-lane construction zone, across a median, down an exit ramp, and onto Curtis Street in Laramie, where Chatfield and the other officers who had joined the chase lost sight of the car.

Approximately two minutes later, another officer spotted the car stopped close to Buttrey's store and then begin to move slowly towards the store. The officer forced the car to a stop and arrested Butler, who was alone. Arriving at the scene, Chatfield noted that the back seat had been lifted up and that there was nothing underneath it.

Shortly afterwards, an officer noticed Johnson on foot about six blocks from the site of Butler's arrest and four to five blocks from Buttrey's store. Johnson was cold and clammy to the touch and appeared to have been sweating. He had $746.37 in cash in a pocket and a photograph of some children in front of a San Francisco 49ers' poster in his wallet. Johnson was also arrested.

That night, the law enforcement officers began a search for the missing package, which was suspected to contain drugs. When they checked the Taurus with a drug-sniffing dog, the animal alerted to the car doors, jumped into the back seat, and started biting on the passenger-side seat. No drugs were found, however. The next morning the officers continued their search in the area around Buttrey's store. Eventually, they found a San Francisco 49ers' stocking cap suspended in a grease drum. Inside the cap was a brick-shaped package wrapped in plastic. The police seized the package, which turned out to contain a brick of cocaine.

After a jury trial, both Butler and co-defendant Johnson were found guilty of possession with intent to distribute cocaine and aiding and abetting. Subsequently, Butler, Johnson, and the district court received anonymous racist letters, purportedly from one of the jurors, stating essentially that the guilty verdict was the result of the co-defendants' race (African American). Although Butler filed a motion for a mistrial based on the letters, the district court sentenced the co-defendants without ruling on the motion. Butler appealed.[1]

This court granted Butler's request for a partial remand to obtain a ruling on the mistrial motion. Upon remand, the district court required the FBI to investigate the allegations of juror racial prejudice. The investigation included fingerprinting and handwriting analysis of the letters, a polygraph test of Butler, and interviews of jurors to determine what role, if any, racist attitudes played in jury deliberations. Based on the results of the investigation, the district court concluded that the verdict was not tainted in any way by racism. Accordingly, the mistrial motion was denied.

### No. 98–8105

In No. 98–8105, Butler attacks his conviction by arguing that the district court erred in admitting certain evidence, and that, without the challenged evidence, the government's evidence was insufficient to establish that the brick of cocaine found in the grease drum had been in the Taurus and thus in Butler's possession. Because Butler made timely objections to the disputed evidence, we review the district court's evidentiary rulings for abuse of discretion. Under this standard, "we will not overturn the district court's decision unless we are firmly convinced that the district court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Magleby*, 241 F.3d 1306, 1315 (10th Cir.2001) (quotation omitted).

Butler asserts that the district court erred in admitting into evidence: (1) the cash and photograph found in Johnson's possession; (2) testimony concerning the drug-sniffing dog's alert to the Taurus; (3) the brick of cocaine; (4) testimony about the value of the cocaine; and (5) Officer Chatfield's testimony concerning Butler's nervousness while awaiting the information from the dispatcher about Butler's California records (which Butler considers a veiled reference to his prior criminal history). Butler also asserts a claim of cumulative error.

After a review of the record, we cannot say that the district court abused its discretion in making its evidentiary rulings. Because we have found no error, harmless or otherwise, resulting from these rulings, we need not reach Butler's argument that the cumulative effect of harmless errors warrants a new trial.

■ Turning to Butler's claim of insufficiency of evidence, we review the matter *de novo*, asking " 'only whether, taking the evidence both direct and circumstantial, together with the reasonable inferences to be drawn therefrom in the light most favorable to the government, a reasonable jury could find [Defendant] guilty beyond a reasonable doubt.' " *United States v. Jenkins*, 175 F.3d 1208, 1215 (10th Cir.), *cert. denied*, 528 U.S. 913, 120 S.Ct. 263, 145 L.Ed.2d 221 (1999) (quoting *United States v. Voss*, 82 F.3d 1521, 1524–25 (10th Cir.1996)). To determine whether the evi-

---

1. Co-defendant Johnson also appealed, but did not file a mistrial motion. In *United States v. Johnson*, No. 98–8101, 2000 WL 1644090 (10th Cir. Nov.2, 2000) (unpub-lished), this court rejected his sufficiency of the evidence argument and affirmed his conviction.

dence is sufficient, we consider the inferences that can be drawn from the evidence as a whole. *Id.* We do not "question the jury's credibility determinations or its conclusions about the weight of the evidence." *United States v. Lazcano–Villalobos,* 175 F.3d 838, 843 (10th Cir.1999).

In this case, we find that the totality of the circumstantial evidence and the reasonable inferences therefrom support a finding of Butler's knowing possession of cocaine. The judgment of the district court is AFFIRMED.

### No. 01–8054

In No. 01–8054, Butler asserts that the district court failed to ensure Butler's right to an impartial jury, in that it conducted an insufficient investigation into the circumstances surrounding the anonymous racist letters. Generally, a district court's decision as to how to proceed in responding to allegations of juror bias is reviewed for abuse of discretion. *United States v. Bradshaw,* 787 F.2d 1385, 1390 (10th Cir. 1986).

Here, the district court received the findings from an FBI investigation and conducted three hearings before denying Butler's mistrial motions. Its procedure was fair and sufficient to protect Butler's right to an impartial jury. The district court did not abuse its discretion in determining that the verdict was proper and, therefore, denying the motion for a mistrial.

The judgment of the district court for the District of Wyoming is AFFIRMED. Butler's motion to supplement the record is GRANTED.