**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 24 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee.

v.

ARNOLD DEVONNE BUTLER,

    Defendant - Appellant,

No. 04-8048
(D.C. No. 02-CV-224-CAB)
(D. Wyoming)

**ORDER DENYING A CERTIFICATE
OF APPEALABILITY**

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

Arnold Butler, a federal prisoner appearing pro se, requests a certificate of appealability ("COA") so that he may appeal the district court's denial of his 28 U.S.C. § 2255 petition. Because we agree with the conclusions set forth in the district court's Order of April 14, 2004 denying Butler's petition, we **DENY** a COA and **DISMISS**.

Exercising their right to a jury trial, Butler and his co-defendant Todd Johnson, charged in an indictment with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B)(ii) and aiding and abetting in violation of 18 U.S.C. § 2, were found guilty and Butler was

sentenced to a term of 262 months incarceration. He then timely appealed his conviction and sentence, contesting admission of drug evidence found pursuant to a traffic stop near Laramie, Wyoming and challenging a denial of his motion for mistrial. We affirmed the district court's decision in United States v. Butler, 25 Fed. Appx. 784 (10th Cir. 2001). Butler then attacked his sentence and conviction collaterally, filing a habeas petition on December 10, 2002 in district court. That petition having been denied, Butler now appeals and asks us to grant him a COA, alleging ineffective assistance of trial and appellate counsel, and contesting his sentence.

Butler's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); therefore, AEDPA's provisions apply to this case. See Rogers v. Gibson, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). Butler must first obtain a COA in order to appeal the denial of his § 2255 petition, which may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a petitioner to establish "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). Because the district

court did not grant a COA, we proceed to analyze whether a COA should be granted.

Petitioner raises four grounds for claiming ineffective assistance of trial counsel in support of his application for a COA as well as a claim of ineffective appellate counsel, none of which provide a substantial showing that he has been denied a constitutional right. To prevail on an ineffectiveness of trial counsel claim, a defendant must satisfy the now familiar two-prong test articulated by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 686 (1984). First, he must show that counsel's performance was deficient because it "fell below an objective standard of reasonableness." Id. at 687. Second, he must show that counsel's deficient performance prejudiced his defense by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, . . . the [jury] would have had a reasonable doubt respecting guilt." Id. at 694-95.

As to the first issue Butler raises, a claim that his counsel was ineffective for failing to obtain suppression of evidence found pursuant to a traffic stop, we find no merit and agree with the analysis provided by the district court. Because his attorney filed a motion to suppress evidence obtained as a consequence of the stop, we conclude that the there is no showing of objective deficiency in his trial counsel's performance. To the extent that petitioner seeks to re-argue the merits of his suppression hearing, we have held that a traffic stop is valid under the

3

Fourth Amendment if based on an "observed traffic violation or if the police officer has reasonable articulable suspicion that a traffic or equipment violation has occurred or is occurring" United States v. Botero-Ospina, 71 F.3d 783, 787 (10th Cir. 1995). In the present case, the window tinting and license-plate mounting, both equipment violations, and a traffic violation for following too closely, formed the basis for a valid traffic stop.

Petitioner also asserts as a second ground that trial counsel was ineffective for failing to object, or failing to object adequately, to the presentence report which provided for a career offender enhancement under 18 U.S.C. § 4B1.1(a). The record indicates that counsel did file an objection; therefore we will treat petitioner's claim before us as one of counsel's inadequacy. In 1985 Butler pled guilty in California state court to a charge of selling marijuana, which is punishable by two to four years imprisonment under Cal. Health & Safety Code § 11360, and was sentenced to three years in the California Youth Authority. Pursuant to Cal. Penal Code § 17(c), Butler argues that on serving his sentence, his felony conviction was converted into a misdemeanor, which would render it an improper basis for a career offender sentence enhancement. As the district court notes, however, U.S.S.G. § 4B1.1's designation of career offenders includes those who have, inter alia, "two prior felony convictions" (Butler only contests the use of one of his prior convictions). The Guideline commentary provides that:

4

> "Prior felony conviction" means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed. A conviction for an offense committed at age eighteen or older is an adult conviction.

U.S.S.G. § 4B1.2, cmt., n.1. Because he was 18 years old at the time of the offense, his prior conviction for sale of marijuana would clearly qualify under the guidelines. Thus, even if petitioner's trial counsel were deficient in his objection to the presentence report, such deficiency would not have been prejudicial.

Butler makes two further claims of ineffective assistance of counsel: that counsel improperly failed to inform him of a plea offer, and that counsel failed to allow him to plead guilty. As to the issue of a plea agreement, we concur with the district court that affidavits supplied by the United States Attorney and petitioner's own counsel both verify that no such plea offer existed. Failure to inform him of a non-existent plea offer cannot form a basis for an inadequate assistance of counsel claim. As to the issue of not being allowed to plead guilty, Butler's claim, although unclear, appears to be that had he understood that he would be found guilty and that the sentencing enhancement would apply, he would have pled guilty and accepted responsibility in order to obtain a downward departure. Regret and second-guessing his own refusal to cooperate with the government does not provide Butler grounds for an ineffective assistance of counsel claim.

5

Thus, because none of petitioner's claims for ineffective assistance of trial counsel has merit, we affirm the district court's denial of Butler's petition as to these claims. Finally, petitioner also asserts a claim for ineffective assistance of appellate counsel without argument; as to this bald assertion, we affirm the district court's finding that Butler has not carried his burden of alleging specific facts entitling him to relief.

Petitioner also challenges the trial court's imposition of a sentence enhancement for career offenders, arguing that the enhancement was improper because he was adjudicated as a youthful offender for his marijuana charge (although he was 18 years old at the time of the offense). As we have already observed in connection with petitioner's ineffective assistance claims, the sentencing guidelines clearly provide that a prior felony conviction is any conviction for an offense committed at age eighteen or older and punishable by more than one year imprisonment, regardless of whether the offense is explicitly designated as a felony. U.S.S.G. § 4B1.2, cmt., nt. 1. Accordingly, we see no error in the district court's use of this conviction in imposing a career criminal sentencing enhancement.

Petitioner's additional claim that he was not properly notified in advance of trial that the government would seek a penalty enhancement is likewise meritless. By his own argument on brief, he admits that he was aware that he could face a

maximum sentence of 262 months as a consequence of his prior convictions unless he cooperated with the government.

No reasonable jurist would debate whether Butler's habeas petition should have been granted. Accordingly, we **DENY** the request for a COA and **DISMISS**. Butler's motion to proceed on appeal in forma pauperis is **GRANTED**. All other pending motions are dismissed as moot.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge